AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Texas

| | | |
|---|---|---|
| United States of America | ) | **U.S. DISTRICT COURT** |
| v. | ) | **NORTHERN DISTRICT OF TEXAS** |
| | ) | **FILED** |
| | ) | |
| | ) | Case No.  2:26-MJ-101 |
| | ) | JUN - 8 2026 |
| Arnulfo De La Torre-Romero | ) | |
| | ) | **CLERK, U.S. DISTRICT COURT** |
| *Defendant(s)* | | By _____ |
| | | Deputy |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 7, 2026 _____ in the county of _____ Randall _____ in the _____ Northern _____ District of _____ Texas _____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8 United States Code, Section 1326(a) and 6 United States Code, Sections 202(3), 202(4) and 557 | Illegal Re-Entry After Deportation |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Louis Gomez, HSI SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 6/8/26

_____
*Judge's signature*

City and state:        Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT
## Case No. X:XX-XX-XX

### Title 8, United States Code, Section 1326(a)

As a result of my training and experience, I am familiar with federal immigration laws, including 8 U.S.C. § 1326(a), which makes it unlawful to illegally re-enter the United States after deportation or removal. There are four elements to this offense: (1) That the defendant was an alien at the time alleged in the indictment; (2) That the defendant had previously been deported, denied admission, excluded, or removed from the United States; (3) That thereafter the defendant knowingly entered, attempted to enter, or was found in the United States; and (4) That the defendant had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of the defendant's previous deportation. An "alien" is any person who is not a citizen or national of the United States. 8 U.S.C. 1101(a)(3).

### Facts Establishing Probable Cause

On June 7, 2026, Homeland Security Investigations (HSI) Special Agents Louis Gomez and ERO Officers encountered Arnulfo DE LA TORRE-Romero, in Randall County, TX, which is in the Amarillo Division of the Northern District of Texas. Immigration records were queried and discovered that DE LA TORRE-Romero is, and was on June 7, 2026, a citizen and national of Mexico by virtue of his birth in Mexico. Those records also showed that DE LA TORRE-Romero (the Subject) had been removed from the United States previously, On July 13, 2013, Subject was encountered in

1

Douglas, AZ and removed via Calexico, CA. On July 18, 2013, subject was apprehended in Yuma, AZ, and removed via San Luis, AZ. On November 14, 2013, subject was encountered in Tulsa, OK and charged with 8 USC 1325, subject received a sentence of 10 days. Subject was removed via Del, Rio TX. On February 25, 2016, subject was encountered in Oklahoma City, OK, and removed via Del Rio, TX. On May 3, 2016, subject was encountered in Casa Grande, AZ and charged with violation of 8 USC 1326. Subject received a sentence of 105 days. Subject was removed via Nogales, AZ. On October 3, 2016, subject was encountered in Tucson, AZ and charged with violation of 8 USC 1325. Subject received a sentence of 180 days, subject was removed via Del Rio, TX. On January 8, 2018, subject was encountered in Lubbock, TX. Subject was charged with violation of 8 USC 1325 and received a sentence of 180 days. Subject was removed via Del Rio, TX international bridge on July 6, 2018.

On June 8, 2026, subject was transferred to the Randall County jail pending further judicial processing. DE LA TORRE-Romero's immigration records showed that he had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of that previous removal.

_____
Louis Gomez
Homeland Security Investigations
Special Agent

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will be

2

issued. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant, in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this _____ day of _____, 2026.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

3